UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-mj-8391-WM

UNITED STATES OF AMERICA

v.

ULLAN HIGGS, and
ONASSIS ROLLE

        Defendants.
_____/

CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)?  ___ Yes ✓ No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?  ___ Yes ✓ No

3. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?  ___ Yes ✓ No

        Respectfully submitted,

        ARIANA FAJARDO ORSHAN
        UNITED STATES ATTORNEY

BY: _____
        MARTON GYIRES
        ASSISTANT UNITED STATES ATTORNEY
        District Court No. A5501696
        500 South Australian Avenue, Suite 400
        West Palm Beach, Florida 33401
        Tel:   (561) 820-8711
        Fax:  (561) 820-8777
        Email: Marton.Gyires@usdoj.gov

AO 91 (Rev. 11/11) Criminal Complaint

FILED BY _____KJZ_____ D.C.

Nov 17, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
| Ullan Higgs, and<br>Onassis Rolle | ) Case No. 20-mj-8391-WM |
| *Defendant(s)* | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **November 16, 2020** in the county of **Palm Beach** in the **Southern** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8, United States Code, Section 1326(a) | Illegal reentry into the United States (as to both defendants) |
| Title 8, United States Code, Section 1324(a)(1)(A)(iv) | Encouraging and Inducing Aliens to Enter into the United States (as to defendant Ullan Higgs only) |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

*Complainant's signature*

Antonio L. Rivera, HSI Special Agent
*Printed name and title*

Sworn and Attested to me by Applicant by Telephone (FaceTime) per Fed.R.Crim.P. 4(d) and 4.1.

Date: November 17, 2020

*Judge's signature*

City and state: West Palm Beach, Florida      William Matthewman, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Antonio L. Rivera, being duly sworn, depose and state:

1. I am a Special Agent with the U.S. Department of Homeland Security, Homeland Security Investigations ("HSI"), and have been so employed for eighteen years. Prior to my federal employment as a Special Agent, I worked for the United States Border Patrol for a period of seven years, serving in the capacity of a Border Patrol Agent. Among my responsibilities as a Special Agent, I investigate crimes against the United States, as more fully described in Titles 8, 18, 19, and 21 of the United States Code, specifically including violations of federal immigration laws, including alien smuggling and reentry of aliens previously removed.

2. The facts set forth in this affidavit are based on a variety of sources, including, but not limited to: my personal knowledge; information obtained from others, including other law enforcement officers; my review of documents, pictures and computer records; and my training and experience. This affidavit is submitted for the limited purpose of establishing probable cause for the issuance of a criminal complaint against Ullan Higgs ("HIGGS") and Onassis Rolle ("ROLLE") for violations of laws of the United States, that is: illegal reentry into the United States, in violation of Title 8, United States Code, section 1326(a) (as to both defendants); and encouraging and inducing aliens to enter into the United States, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv) (as to defendant HIGGS only). As such, this affidavit does not contain all of the information known to me regarding this investigation.

### Probable Cause

3. On or about November 16, 2020 at approximately 1:56 a.m., the Palm Beach County Sheriff's Office (PBSO) Marine Unit acquired a possible target of interest (TOI), while monitoring the land based coastal radar.

4. The PBSO Marine Unit requested assistance from air and land patrol. While in route to intercept the possible TOI, a PBSO air asset advised they located a vessel heading westbound towards the United States, approximately one quarter-mile east of Palm Beach, Florida. They advised the vessel was traveling without navigation lights and with multiple persons onboard. Operation of a vessel without navigation lights, at that time of the morning, with multiple persons onboard are all known indicators of a possible migrant smuggling event.

5. The PBSO air unit observed, via their Forward Looking Infrared (FLIR) camera, that the vessel became stuck in a sandbar approximately 75 to 150 yards from shore. The vessel was approximately 23 feet long with a center console, one outboard engine, and no top of any sort. PBSO officers on the beach encountered the vessel and instructed everyone on board to vacate the vessel and make their way to shore. Once safely on the beach, all of the boat occupants—nine individuals total—were detained by PBSO. A short time later, U.S. Border Patrol Agents arrived on scene and determined that none of the nine individuals had lawful status to enter or to be present in the United States. All nine individuals were transported to the U.S. Border Patrol Station in Riviera Beach, FL, for immigration processing. The vessel was seized by U.S. Border Patrol and ultimately towed and transported to the Border Patrol station.

6. Homeland Security Investigations (HSI) Special Agents obtained a video recording from the PBSO air asset, documenting the encounter with the vessel. I reviewed the video recording, which showed the boat travelling for approximately one quarter-mile over approximately twenty-nine minutes. I observed that the vessel captain remained at the helm of the vessel for nearly the entire video, leaving the helm only to sit toward the starboard side of the boat immediately next to the helm after the boat became stuck on the sandbar. Even after being given instructions to vacate the vessel, and after seven other individuals complied with that

instruction, the captain remained onboard for several minutes along with one other male individual. In the video, I observed that the captain was wearing shorts, a multicolored shirt, and slip-on style sandals. I also observed that the captain had thick dread locks styled hair. I also observed that none of the individuals on the vessel were wearing life jackets, nor were any life jackets visible on the vessel.

7. At the Border Patrol Station, I observed HIGGS wearing a multicolored shirt, similar in pattern to the shirt I observed being worn by the vessel captain on the video. Also, HIGGS' hair was styled in the thick dread lock style just as I had observed on the captain in the video. Additionally, I observed a pair of shorts and slip-on style sandals with HIGGS' property, which he had removed upon arrival to the Border Patrol Station. None of the other individuals from the vessel matched the combination of hairstyle, clothing, and slip on style sandals that can be seen on the captain of the vessel on the video.

8. HSI Special Agents interviewed HIGGS and ROLLE separately at the U.S. Border Patrol Station. The interviews were both recorded (both video and audio). After being advised of his *Miranda* warnings, which HIGGS understood and waived, HIGGS said the following, among other things. HIGGS denied being the operator of the vessel but claimed he did not know who the operator was. HIGGS admitted to previously being convicted of illegal reentry and being removed to the Bahamas, and said he did not have permission to enter the United States.

9. As to ROLLE, after being advised of his *Miranda* warnings, which ROLLE understood and waived, ROLLE stated the following, among other things. ROLLE admitted to being previously convicted for illegal reentry and being removed to the Bahamas following his incarceration, and that he did not obtain permission to lawfully reenter the United States. According to ROLLE, HIGGS was the operator of the vessel and ROLLE held a GPS device a

couple of times. ROLLE denied being a smuggler but rather claimed that he was one of the people being smuggled. ROLLE claimed he did not pay to be smuggled into the U.S. ROLLE said that he and HIGGS were the last two individuals to exit the vessel, remaining onboard after all of the other individuals exited as instructed.

10. HSI Special Agents interviewed the remaining seven individuals from the vessel. All interviews were recorded, some with video and audio, some with only audio. All interviews were conducted post-*Miranda*. Summaries are as follow:

a. "M.J." (Witness 1) was shown photographs of everyone onboard the vessel, and identified HIGGS as the vessel captain and said that ROLLE held the GPS (Witness 1 did not know them by name). Witness 1 said he paid to be smuggled to the United States, but did not remember the total amount paid because he paid in several installments.

b. "Y.E." (Witness 2) was shown photographs of everyone onboard the vessel and identified HIGGS as the vessel operator and said that ROLLE held the GPS (Witness 2 did not know them by name). Witness 2 said he paid to be smuggled to the United States but did not recall the total amount paid because he paid in multiple installments.

c. "G.P." (Witness 3) was shown photographs of everyone onboard the vessel and identified HIGGS as the vessel captain and said that ROLLE gave commands to the other passengers such as instructing them to stay off their phones (Witness 3 did not know them by name). Witness 3 said that his cousin paid for him to be smuggled to the United States, so he did not know how much was paid.

d. "P.A." (Witness 4) was shown photographs of everyone onboard the vessel and identified HIGGS as the vessel captain and said that he paid a total of $2,200 in various installments to be smuggled to the United States (Witness 4 did not know HIGGS by name).

e.  The remaining three individuals from the vessel, "R.C.," "I. L-L," and "C.S.J." could not positively identify the vessel captain. R.C. and I.L-L. said that they both observed that the vessel captain spoke English.

11. Queries of law enforcement databases and IAFIS fingerprint results provided that HIGGS and ROLLE were both previously recently convicted in federal court of illegal reentry in the Southern District of Florida (West Palm Beach division), and both removed from the United States after those convictions. HIGGS is still on supervised release in case number 20-cr-80051-RS; ROLLE is still on supervised release in case number 17-cr-80114-JIC. Records show that HIGGS and ROLLE are both aliens and citizens of the Bahamas and there is no record of either having obtained permission from the Department of Homeland Security or the Attorney General to reapply for admission to the United States.

12. Based on the foregoing, I respectfully submit there is probable cause to believe that violations of federal law were committed by HIGGS and ROLLE, namely, illegal reentry into the United States, in violation of Title 8, United States Code, section 1326(a) (as to both defendants); and encouraging and inducing aliens to enter into the United States, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv) (as to defendant HIGGS only)

Further your affiant sayeth not.

Antonio L. Rivera
Special Agent
Homeland Security Investigations

Sworn and Attested to me by Applicant by Telephone (FaceTime) per Fed.R.Crim.P. 4(d) and 4.1 on the ___17th___ day of ___Nov.___, 2020.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendants: Ullan Higgs and Onassis Rolle

Case number: 20-mj-8391-WM

**Count 1, as to both defendants:**

Illegal reentry into the United States, in violation of Title 8, United States Code, section 1326(a)

**Maximum Penalties:**

As to both defendants, pursuant to Title 8, United States Code, section 1326(b)(1), the penalties are:

Maximum of ten years' imprisonment
Supervised release of up to three years
Fine of up to $250,000
$100 Special Assessment

**Count 2, as to defendant Higgs only**

Encouraging and Inducing Aliens to Enter into the United States, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv)

Maximum of five years' imprisonment
Supervised release of up to three years
Fine of up to $250,000
$100 Special Assessment